NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NATURAL ALTERNATIVES INTERNATIONAL, INC.,**
*Appellant*

**v.**

**ANDREI IANCU, UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE,**
*Intervenor*

---

2017-1963

---

Appeal from the United States Patent and Trademark Office, Patent Trial and Appeal Board in No. 95/002,048.

---

Decided: October 1, 2018

---

SCOTT A. M. CHAMBERS, Porzio, Bromberg & Newman, PC, Washington, DC, argued for appellant. Also represented by RICHARD J. OPARIL, KEVIN M. BELL, BILLY DELL CHISM; MATTHEW ZAPADKA, Bass, Berry & Sims, PLC, Washington, DC.

MARY L. KELLY, Office of the Solicitor, United States

Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by THOMAS W. KRAUSE, ROBERT J. MCMANUS, AMY J. NELSON.

_____

Before PROST, *Chief Judge,* MOORE and REYNA,
*Circuit Judges.*

PROST, *Chief Judge*.

Woodbolt Distributors, LLC ("Woodbolt") requested that the United States Patent and Trademark Office ("PTO") reexamine U.S. Patent No. 8,129,422 ("the '422 patent") owned by Natural Alternatives International, Inc. ("NAI"). The PTO ordered *inter partes* reexamination, and the examiner rejected the challenged claims as anticipated by or obvious over cited prior art, including a parent of the reexamined patent. NAI appeals the Patent Trial and Appeal Board's ("Board") final determination affirming the examiner's rejections and its subsequent denial of NAI's request for rehearing.

The '422 patent issued from the seventh U.S. application in a chain of eight U.S. applications generally directed to increasing athletes' endurance. This opinion addresses NAI's priority challenge as to the '422 patent. Our companion opinion, *Natural Alternatives International, Inc. v. Matal,* No. 17-1962, addressed NAI's priority challenge as to the patent issuing from the eighth application—U.S. Patent No. 8,067,381 ("the '381 patent").

Because the facts and procedural history in the two cases are substantially identical, we do not repeat our discussion of those topics here. Regarding the merits of this appeal, we affirm the Board's final determination and its denial of NAI's request for rehearing for the reasons stated in our companion opinion.

**AFFIRMED**